UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**DEAYDRE LEA PULLIAM** and
**TIMOTHY JAMES PULLIAM**,

Debtors.

Case No. **10-60725-7**

# MEMORANDUM OF DECISION

At Butte in said District this 31st day of March, 2011.

In this Chapter 7 case, the Court conducted a hearing at Missoula on March 10, 2011, on the "Motion for Order Requiring Debtors to Show Cause Why They Should Not Be Held in Contempt" ("Motion for Contempt") (Docket No. 223) filed on January 20, 2011, by the Office of United States Trustee ("UST") for Debtors' failure to provide the UST with the address of Debtor Timothy J. Pulliam's ("Pulliam") son, Timothy J. Pulliam, Jr. ("Tim Jr."). Debtors filed an objection on the grounds that they do not know Tim Jr.'s address or phone number, and they were represented at the hearing by attorney Edward A. Murphy ("Murphy"), but Debtors did not attend the hearing in person. The UST was represented by attorney Neal G. Jensen ("Jensen"). The Trustee Richard J. Samson appeared ("Samson"). No testimony or exhibits were admitted, but counsel for the parties did not dispute the basic facts. Murphy stated that the Debtors provided the UST with Tim Jr.'s address in open court on February 10, 2011. However, Murphy admitted that the Debtors failed to timely comply with the UST's request and this Court's Order. The Court took the UST's Motion for Contempt under advisement on the amount of sanctions. After review of the record and applicable law, this Court grants the UST's Motion and imposes a

1

$1,000 sanction against Timothy James Pulliam under the Court's civil contempt authority under 11 U.S.C. § 105(a), for the express purpose to coerce the Debtor's compliance with Court Orders and his duties under the Bankruptcy Code. Timothy James Pulliam shall pay the $1,000 to the Clerk of the Bankruptcy Court within ten (10) days, subject to further proceedings.

This Court has jurisdiction of this case under 28 U.S.C. § 1334(a). The UST's Motion for Contempt is a core proceeding under 28 11 U.S.C. § 157(b)(2)(A) concerning administration of the estate. This Memorandum includes the Court's findings of fact and conclusions of law.

## FACTS

Debtors filed a Chapter 11 petition on April 7, 2010. The case was converted to a case under Chapter 7 on July 16, 2010. Samson was added to the Chapter 7 case as Trustee, and he undertook the administration and liquidation of property of the estate.

The UST's motion alleges, and Jensen stated at the hearing, that Pulliam agreed at a Rule 2004 examination to provide the UST with Tim Jr.'s address and phone number within 48 hours, but Pulliam failed to provide that information. At a continued Rule 2004 examination Pulliam again agreed to provide that information with Tim Jr.'s address and phone number, but failed.

Pulliam's ("Pulliam") discharge was denied on October 14, 2010, after default judgment entered in Adversary Proceeding No. 10-00085. Debtor Deaydre Lea Pulliam's ("Deaydre") discharge was denied by Order entered on November 15, 2010, when she failed to satisfy the terms of a stipulation with the UST resolving its motion for contempt against her. Murhpy was added to the case as the Debtors' attorney on December 12, 2010.

On December 23, 2010, the UST filed a motion to compel the Debtors to disclose the address of Tim Jr. That motion alleges that Tim Jr. removed from a locked garage a 1957 Ford

Thunderbird and cargo trailer, where they had been placed by the Trustee. That motion included a 14-day notice of the opportunity to respond and request a hearing, the failure of which would be deemed an admission that the relief requested should be granted. The UST's motion to compel was served on Murphy and the Debtors. Debtors did not file a response, and the Court entered an Order on January 11, 2011 (Dkt. 220) which orders "Debtors shall immediately provide the UST with the address for" Tim Jr. Debtors did not request relief from that Order and did not a timely notice of appeal.

The Trustee filed on December 30, 2010, a motion for turnover of the 1957 Ford Thunderbird, cargo trailer, and titles, along with other property and documents. Murphy filed an objection on behalf of the Debtors alleging "that he [sic] does not own the 1957 Ford Thunderbird and trailer." That motion was heard on February 10, 2011. Tim Jr. appeared at that hearing and testified, and disclosed his address a month after this Court had ordered the Debtors' to provide his address "immediately."

The Court entered an Order (Dkt. 252) on February 16, 2011. That Order includes the finding that the Debtors listed the Thunderbird and cargo trailer in their Schedules as jointly owned, but that Pulliam told the Trustee that he gave the Thunderbird and trailer to Tim Jr. who took it to California. In fact, the Thunderbird never left Montana and was in Hamilton. The title to the Thunderbird and trailer remained in the Debtors' names. Tim Jr. testified that he had never paid for insurance on the Thunderbird and trailer. At the hearing the Court ordered immediate turnover of the Thunderbird and cargo trailer by February 10, 2011.

The UST filed the pending Motion for Contempt (Dkt. 223) on January 20, 2011. The UST's Motion contends that Timothy failed to comply with the Order that he immediately

3

provide the UST with Tim Jr.'s address, and alleges that Tim and Tim Jr. removed the Trustee's lock from the storage garage and took the Thunderbird and cargo trailer to California. Debtors filed an objection (Dkt. 236) on February 7, 2011, in which Debtors both contended that they do not know Tim Jr.'s address, and Deaydre states that Tim Jr. is not her son. Debtors filed a brief on March 9, 2011, reiterating that Tim Jr.'s address and phone number were provided on February 10, 2011, that Pulliam did not know Tim Jr.'s address and phone number and that Pulliam contacts Tim Jr. through relatives.

## DISCUSSION

Contempt proceedings are governed by F.R.B.P. 9020, which states that F.R.B.P. 9014 governs a motion for an order of contempt made by the UST. Prior to Congressional reform of Rule 9020 in 1987, bankruptcy courts did not have the inherent power of contempt in the Ninth Circuit. *In re Sequoia Auto Brokers, Ltd. (Plastiras v. Idell)*, 827 F.2d 1281, 1284 (9th Cir. 1987). Subsequent to *Sequoia*, the United States Supreme Court held that courts created by Congress have inherent powers unless Congress intentionally restricts those powers. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47, 111 S.Ct. 2123, 2134, 115 L.Ed.2d 27 (1991). The Ninth Circuit later held that with Congress enacting Rule 9020 and § 105(a), *Chambers* supersedes *Sequoia* and bankruptcy courts have the inherent power to sanction for contempt. *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 284-5 (9th Cir. 1996). The inherent sanction authority allows a court to deter and provide compensation, but not punitive sanctions, for a broad range of improper litigation tactics, provided that the Court make an explicit finding of bad faith or willful misconduct more egregious than mere negligence or recklessness. *In re Lehtinen*, 564 F.3d 1052, 1058-59 (9th Cir. 2009); *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1196-97 (9th Cir.

2003).

In addition, bankruptcy courts have civil contempt authority under § 105(a) to impose civil penalties which must be either compensatory or designed to coerce compliance, but cannot be punitive. *Lehtinen*, 564 F.3d at 1058; *Dyer*, 322 F.3d at 1192-93. Section 105(a) authorizes those remedies "necessary" to enforce the Bankruptcy Code. *Dyer*, 322 F.3d at 1193, citing *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507 (9th Cir. 2002).

To find a party in civil contempt the court must find that the offending party knowingly violated a definite and specific court order. *Dyer*, 322 F.3d at 1190-91; *In re Andrus*, 184 B.R. 311, 315-16 (Bankr. N.D. Ill. 1995); *In re Johnson*, 148 B.R. 532, 538 (N.D. Ill. 1992). The moving party has the burden of showing by clear and convincing evidence that the contemnor violated a specific and definite order of the court. *Dyer*, 322 F.3d at 1190-91.

This Court finds and concludes that the UST has satisfied its burden of showing that Pulliam knowingly violated a definite and specific Order, by clear and convincing evidence. This Court's Order (Dkt. 220) ordered Debtors to provide the UST with Tim Jr.'s address "immediately." Pulliam never complied. Tim Jr. appeared at a hearing a month later and stated his address in open court. Pulliam did not appear and testify at the contempt hearing on March 11, 2011, so his attorney's argument that Pulliam does not know Tim Jr.'s address is not probative evidence. Furthermore, Pulliam's argument that he never knew Tim Jr.'s address contradicts his assertions to the UST, on two separate occasions at Rule 2004 examinations, that Pulliam would provide the UST with Tim Jr.'s address within 48 hours. Finally, the Court asked Murphy at the hearing if Jensen was correct that Pulliam failed to timely comply with this Court's Order, and Murphy answered that a failure to comply timely occurred.

Under 11 U.S.C. § 521(a)(3) the Debtors have a statutory duty to cooperate with the Trustee as necessary to enable the Trustee to perform his duties. Debtors failed to satisfy their duty when they attempted to transfer the Thunderbird and cargo trailer to Tim Jr., from the locked garage where the Trustee had secured them. The Debtors further failed to satisfy their duty when the failed to provide the UST with Tim Jr.'s address as they said they would. Debtors violated this Court's specific and definite Order to immediately provide Tim Jr.'s address. Under Ninth Circuit authority, sanctions against Pulliam are appropriate under this Court's civil contempt authority under 105(a)[1]. *Dyer*, 322 F.3d at 1191-92.

The Ninth Circuit held in *Dyer* that when a bankruptcy court exercises its civil contempt authority under 105(a) it may not impose serious punitive sanctions. 322 F.3d at 1195. It recognized that "relatively mild" non-compensatory fines may be necessary under some circumstances. *Id.* at 1193, citing *Zambrano v. Tustin*, 885 F.2d at 1473, 1479 (9th Cir. 1989). This Court is authorized under § 105(a) to impose sanctions necessary to enforce the Bankruptcy Code, including civil contempt, compensatory damages, attorney fees, and the offending party's compliance. *Id.*

Under the uncontroverted facts set forth above this Court could impose compensatory sanctions, but the UST offered no evidence at the hearing upon which this Court could award compensatory sanctions. However, in *Dyer* the Ninth Circuit remanded the case for calculation of compensatory damages. *Id.* at 1198.

---

[1] Inherent sanction authority must be exercised with restraint and discretion. *Lehtinen*, 564 F.3d at 1059, quoting *Chambers*, 501 U.S. at 44. Before imposing sanctions under its inherent sanction authority, a court must make explicit findings of bad faith or willful misconduct. *Id.*, citing *Dyer*, 322 F.3d at 1196.

What remains is the Court's authority to impose sanctions necessary to enforce the Code, and to coerce compliance. *Dyer*, 322 F.3d at 1192. A flat unconditional fine could be criminal if the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance, and the fine is not compensatory. *Id.*, quoting *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1137-38 (9th Cir. 2001).

Given Pulliam's failure to provide Tim Jr.'s address to the UST at the Rule 2004 examinations, his failure to cooperate with the Trustee by attempting to transfer the Thunderbird and cargo trailer to Tim Jr., and failure to comply with this Court's Order to immediately provide the UST with Tim Jr.'s address, this Court concludes that a civil contempt sanction against Pulliam[2] in the amount of $1,000 is reasonable, necessary and appropriate to coerce Pulliam's compliance with his duties under the Bankruptcy Code. This $1,000 sanction shall be paid to the Clerk of Court by Pulliam within 10 days. The Court specifies that Pulliam shall have the opportunity to reduce, avoid and/or recover this sanction through compliance. *Dyer*, 322 F.3d at 1192; *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d at 1138. However, the Trustee and U.S. Trustee shall be granted leave to file subsequent motions and request an evidentiary hearing to calculate compensatory sanctions. *Dyer*, 322 F.3d at 1198.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this case under 28 U.S.C. § 1334(a).

2. The UST's Motion for Contempt is a core proceeding under 28 11 U.S.C. § 157(b)(2)(A) concerning administration of the estate.

3. The Debtor Timothy J. Pulliam is in civil contempt of this Court's Order to

---

[2]The UST did not pursue sanctions against Deaydre at the hearing, so none are imposed.

immediately provide information regarding the whereabouts of property of the estate to the Trustee and Office of United States Trustee.  Pulliam failed his duty under 11 U.S.C. § 521(a)(3) to cooperate with the Trustee as necessary to enable the Trustee to perform the Trustee's duties.

    4.  Sanctions against Timothy J. Pulliam in the amount of $1,000 are reasonable and appropriate to coerce Timothy J. Pulliam's compliance with the Bankruptcy Code and this Court's Orders.  Such sanctions are necessary to compel the Debtor's compliance with his duties under the Code and this Court's Orders.

    5.  Pulliam shall have the opportunity to reduce, avoid and/or recover this sanction through compliance.  *Dyer*, 322 F.3d at 1192; *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d at 1138.  However, the Trustee and U.S. Trustee shall be granted leave to file subsequent motions and request an evidentiary hearing to calculate compensatory sanctions. *Dyer*, 322 F.3d at 1198.

    **IT IS ORDERED** a separate Order shall be entered in conformity with the above overruling the Debtors' objection; granting the UST's Motion for Contempt against Timothy James Pulliam and ordering the Debtor to pay the Clerk of the Bankruptcy Court the sum of $1,000.00 within ten (10) days, subject to the terms and conditions provided above.

                                 BY THE COURT

                                   /s/ Ralph B. Kirscher
                                   HON. RALPH B. KIRSCHER
                                   U.S. Bankruptcy Judge
                                   United States Bankruptcy Court
                                   District of Montana