## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

In re

**DEAYDRE LEA PULLIAM** and
**TIMOTHY JAMES PULLIAM**,

Debtors.

Case No.  **10-60725-7**

# MEMORANDUM OF DECISION

At Butte in said District this 26th day of September, 2012.

Pending in this Chapter 7 case is the "Notice of Application for Payment of Professional Fees and Costs" (hereinafter the "Application") filed by the Debtor Deaydre Lea Pulliam ("Deaydre") on July 5, 2012 (Docket No. 474) which requests payment of professional fees, costs, unpaid taxes, and lost items in the total amount of $368,582.71, including $312,000 for her own labor billed at $300 per hour, and $27,000 for co-Debtor Timothy James Pulliam's ("Tim") labor billed at $60 per day.  The Trustee Richard J. Samson filed an objection.  A hearing on the Application was held at Missoula on September 6, 2012.  Deaydre appeared at the hearing pro se.  She did not offer to testify under oath.  She called no other witness to testify, and offered no exhibits for admission.  The Trustee appeared in opposition to all but $1,795.84 of the costs requested.  The Court heard argument of the parties[1], and at the conclusion of the parties' statements took the Application under advisement.  After review of the record and applicable law, for the reasons set forth below Deaydre's Application will be denied except for the

_____

[1]Although Deaydre did not testify, the Court advised her that her statements in her Application that she spent funds were submitted subject to Federal Rule of Bankruptcy Procedure 9011(b).

1

$1,794.84 conceded by the Trustee, for Deaydre's lack of proof and failure to satisfy her burden for an award of administrative expenses.

This Court has exclusive jurisdiction of this bankruptcy case under 28 U.S.C. § 1334(a). Deaydre's Application for payment of administrative expenses is a core proceeding under 28 U.S.C. § 157(b)(2).

## FACTS & PROCEDURAL HISTORY

Although no evidence was offered at the hearing, the case docket shows facts which are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned under Fed. R. Evid. 201(b). *See, e.g., In re Clinton*, 449 B.R. 79, 82 n.5 (9th Cir. BAP 2011); *O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957-58 (9th Cir. 1989) (appellate court may take judicial notice of underlying bankruptcy records).

Debtors filed a voluntary Chapter 11 bankruptcy petition on April 7, 2010. The case was converted to Chapter 7 of the Bankruptcy Code on July 16, 2010, when Debtors failed to submit operating reports. Richard J. Samson was appointed the Chapter 7 Trustee. The discharge of both Debtors has been denied. Deaydre appears pro se in this case after withdrawal of her attorneys.

The Trustee Samson hired professionals, collected and liquidated assets of the estate, abandoned other properties, and has attempted to administer the estate and compensate professionals with the aim of closing the case[2]. Deaydre has objected to several of the Trustee's

---

[2]The docket reflects that the Trustee has filed applications for compensation of several professionals. Although the Trustee did not testify at the hearing, he stated that he has withheld payment of certain professionals after Deaydre filed the pending Application because not enough

2

actions and the actions of the assistant U.S. Trustee Neal G. Jensen in this case, and commenced

an Adversary Proceeding, No. 11-00057, seeking injunctive relief and asking that they be

removed from the case[3].

Deaydre filed her Application for payment of professional fees and costs on July 5, 2012.

The Application requests $312,000 for Deaydre's labor billed at $300 per hour, $27,000 for

Tim's labor at $60 per day, and costs for tax preparation, utilities, feed and supplies for animals,

labor for shredding files, storage and moving costs.  Attached to her Application are payroll

records, spreadsheets, an itemization of credit card purchases by Deaydre, and a Corvallis County

Sewer District statement dated 6/30/2012 for $240.00 in past due sewer charges.  None of the

attachments to Deaydre's Application were offered as exhibits at the September 6, 2012, hearing

and none were admitted.  Deaydre has never applied for approval of her employment, or for

Tim's employment, as professionals in this case and no order has been entered approving their

employment.

The Trustee filed an objection to Deaydre's Application on July 19, 2012.  The Trustee

agreed that this Court should authorize payment to Deaydre of a total of $1,795.84 for utilities

and storage, but that the remainder of the Application be denied.  The Trustee objects that the

Debtor has never provided him with copies of cancelled checks or other receipts to confirm

payment of expenses, that she has never applied for employment by the estate and the Court has

not approved her employment, that Tim has filed his own application for compensation and his

money exists in the estate to pay all professionals in full if Deaydre's Application is approved.
These statements are not evidence, played no part in this decision, and are included only for
background.

[3]Adv. No. 11-57 was dismissed on January 27, 2012.

3

employment by the estate has never been sought or approved, and that payment for shredding of documents is not a legitimate administrative expense.

## DISCUSSION

The Court begins by noting that Deaydre is pro se in this case. Courts have a duty to construe pro se pleadings and papers liberally, including pro se motions as well as complaints. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003); *In re Kashani*, 190 B.R. 875, 883 (9th Cir. BAP 1995). The Court therefore must construe Deaydre's Application liberally.

Deaydre's Application does not cite any section of the Bankruptcy Code or Rule upon which she bases her request for payment for her labor and costs in this case. Her employment as a professional has not been applied for under 11 U.S.C. § 327, and her employment as a professional has not been approved by the Court. Montana Local Bankruptcy Rule 2014-1 provides in part: "Absent compelling circumstances, no compensation may be earned by professionals retained by the trustee or debtor in possession until after the filing of the application [for employment]." Therefore, Deaydre is not entitled to fees and costs as a professional under § 327.

Another provision of the Code which allows for administrative expenses for actual and necessary costs and expenses of preserving the estate is 11 U.S.C. § 503(b)(1)(A), which includes wages and salaries for services rendered after the commencement of the case, and expenses. Construing Deaydre's pro se Application liberally, this Court will consider whether she is entitled to fees and costs under § 503(b)(1)(A).

The burden of proving an administrative expense claim is on the claimant. *In re Santa*

4

*Monica Beach Hotel, Ltd.*, 209 B.R. 722, 725 (9th Cir. BAP 1997).  The bankruptcy court has broad discretion to determine whether to grant a § 503 claim.  *Id.*  In order to keep administrative costs to the estate at a minimum, actual, necessary costs and expenses of preserving the estate are construed narrowly.  *Id.*; *In re Palau Corp.,* 139 B.R. 942, 944 (9th Cir. BAP 1992), *aff'd*, 18 F.3d 746, 750 (9th Cir. 1994).  Based upon the Trustee's admission, the Court will allow Deaydre a total of $1,795.84 for payments to Northwestern Energy, Family Storage and Ravalli Electric Co-op to which the Trustee consents.

For the remainder of Deaydre's administrative claim request, to which the Trustee objects, the Ninth Circuit explained the applicable standard in *In re Metro Fulfillment, Inc.*, 294 B.R. 306, 309 (9th Cir. 2003):

> Section 507(a)(1) accords administrative expenses of a bankruptcy estate first priority, and § 726(b) makes chapter 7 administrative expenses prior to those from chapter 11 in cases converted from chapter 11 to chapter 7. Section 503(b)(1)(A) allows for administrative expenses, "including ... the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case ...." Administrative expenses

>> must be the actual and necessary costs of preserving the estate for the benefit of its creditors. The terms "actual" and "necessary" are [to be] construed narrowly ....

> *Burlington N.R.R. Co. v. Dant & Russell, Inc. (In re Dant & Russell, Inc.)*, 853 F.2d 700, 706 (9th Cir.1988) (citations omitted).

> To establish an administrative expense claim, a claimant must show that the debt:
>> (a) arose from a transaction with the debtor in possession as opposed to the preceding entity...; and
>> (b) directly and substantially benefitted the estate.

> *Microsoft Corp. v. DAK Indus., Inc. (In re DAK Indus., Inc.)*, 66 F.3d 1091, 1094 (9th Cir.1995).

5

Section 503(b)(1)(A) is construed narrowly in order to maximize and protect the limited assets of the bankruptcy estate for the benefit of the unsecured creditors, which is particularly important in a Chapter 7 case. *Palau*, 18 F.3d at 750.

By offering no evidence at the September 6, 2012, and by not testifying under oath subject to cross examination, Deaydre has produced no record to support or prove her administrative claim.  As in prior hearings, Deaydre appeared at the September 6, 2012, hearing in person, made serious allegations against the Trustee and U.S. Trustee, and referred to her documentation.  However she did not testify under oath, and did not offer the attachments to her Application or other documents for admission into evidence.  While this Court must construe Deaydre's pro se Application liberally, the Court cannot dispense with or ignore the rules of evidence, cannot deprive the objecting party of his right to cross examine the Debtor and examine her exhibits, and cannot act as a pro se Debtor's counsel in this contested matter.

Argument is not evidence.  *Hurley v. Student Loan Acquisition Auth. of Ariz.*, *et al.*, (*In re Hurley*), 258 B.R. 15, 23 (Bankr. Mont. 2001); *United States v. Velarde-Gomez*, 224 F.3d 1062, 1073 (9th Cir. 2000); *In re Nielsen*, 211 B.R. 19, 22 n.3 (8th Cir. BAP 1997) (Neither statements of counsel nor exhibits to a brief are evidence unless expressly stipulated as admissible evidence); *Haymaker v. Green Tree Consumer Discount Co.*, 166 B.R. 601, 607 (Bankr. W.D. Pa. 1994) (Documents attached to debtors' motion do not constitute evidence and may not be considered by the court).  While those cases refer to attorney argument, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

By failing to offer any evidence in support of her application at the hearing, Deaydre

6

failed to satisfy her burden of proof to show that she satisfied the requirements for an administrative expense under § 503 under the narrow construction in this Circuit as explained in *Santa Monica*, 209 B.R. at 725. *See also Metro Fulfillment*, 294 B.R. at 309. Construing the Application narrowly, the Court concludes that Deaydre failed to show that her labor and expenses, other than those to which the Trustee consents, or charges for storage, wages, sewer charges, or credit card purchases "directly and substantially benefitted the estate" as required for allowance under § 503(b)(1)(A). *Metro Fulfillment*, 294 B.R. at 309; *DAK Indus.*, 66 F.3d at 1094. Accordingly, in the exercise of its broad discretion the Court will allow Deaydre's Application under § 503(b)(1)(A) to the extent of $1,795.84 in utility and storage costs to which the Trustee consents, but otherwise denies it.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above approving Deaydre's Application in part and allowing her a total of $1,795.84 in utility and storage costs as an administrative expense, but otherwise denying the Application.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

7